UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DASHE MORGAN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BERSTEIN AND POISSON, ET AL.,<br><br>　　　　　　Defendants. | Case No. 2:20-cv-00277-KJD-DJA<br><br>**REPORT AND RECOMMENDATION** |

　　　　This matter is before the Court on Plaintiff's Motion/Application for Leave to *Proceed in forma pauperis* (ECF No. 1), filed on February 7, 2020.

　　　　Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, but did not submit a complaint along with the application. The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a waiver of costs and fees; nonetheless, he must demonstrate that because of his poverty he cannot pay those costs and still provide herself with the necessities of life. *See Adkins v. E.I DuPont de Nemours & Co*., 335 U.S. 331, 339 (1948). The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g., Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty

adequately"). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

Plaintiff indicates that he has gross pay or wages of $800.00 per month. He listed expenses total $630.00, which is below his stated income. As a result, the Court finds that Plaintiff does not qualify for *in forma pauperis* status. Therefore, the Court will recommend that his application be denied and that he pay the filing fee.

Based on the foregoing and good cause appearing therefore,

## **RECOMMENDATION**

IT IS THEREFORE RECOMMENDATION that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **denied**.

IT IS FURTHER RECOMMENDATION that Plaintiff must pay the full $400 fee for a civil action, which includes the $350 filing fee and the $50 administrative fee, to proceed in this action.

## **NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: March 27, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE